IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01671-ZLW-BNB

RASHELLE WILMS,

      Plaintiff,

v.

TOM LAUGHLIN,
"BILLY JACK'S MORAL REVOLUTION" PARTNERSHIP,
DOLORES TAYLOR,
FRANK LAUGHLIN,
TERESA LAUGHLIN, and
CHRISTINA LAUGHLIN,

      Defendants.

---

## ORDER

---

      The matter before the Court is the Motion For Summary Judgment (Doc. No. 30) filed by Defendants Tom Laughlin and Delores Taylor (Moving Defendants).

      Plaintiff filed this action on July 14, 2010, alleging that Defendants violated the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (Securities Act) and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (Exchange Act) (collectively, the Acts) and breached the terms of a promissory note, in connection with her $50,000 investment in the production of a new "Billy Jack" film.  Plaintiff alleges that Defendants have not repaid to her the principal and interest due on the investment.  Moving Defendants move for summary judgment based on their contentions that "[n]ever was

any security of any kind represented or sold in any way to Plaintiff,"[1] that no prospectus was ever sent, and that no misleading statements were ever made.[2]  Moving Defendants also argue that Plaintiff converted her promissory note into a promissory note with a "royalty financing" investment position which they assert is not governed by federal securities laws.[3]

Moving Defendants are proceeding pro se, and thus the Court has construed their papers more liberally and held them to a less stringent standard that papers drafted by lawyers.[4]  However, the Court does not act as the Moving Defendants' advocate.[5]

## I.    Legal Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6]

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

---

[1]Doc. No. 30 at 3.

[2]Id. at 4.

[3]Id. at 3, 5.

[4]See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5]Id.

[6]Fed. R. Civ. P. 56(a).

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

The moving party need not negate the nonmoving party's claims, but need only point to an "absence of evidence to support the nonmoving party's case."[7]  The party opposing the motion then must come forward with evidence sufficient to create a genuine issue of material fact.[8]

## II.     Analysis

### A.     The Securities Statutes at Issue

During the early days of the New Deal, Congress enacted two landmark statutes regulating securities.  The [Securities] Act was described as an Act 'to provide full and fair disclosure of the character of securities sold in interstate and foreign commerce and through the mails, and to prevent frauds in the sale thereof, and for other purposes.' The Securities Exchange Act . . . was described as an Act 'to provide for the regulation of securities exchanges and of over-the-counter markets operating in interstate and foreign commerce and through the mails, to prevent inequitable and unfair practices on such exchanges and markets, and for other purposes.'[9]

---

[7]Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

[8]Id. at 324.

[9]Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 727-28 (1975).

3

Thus, "[t]he Securities Act deals with the initial issuance of securities, and with the required contents of registration statements and prospectuses,"[10] while "[t]he Exchange Act, on the other hand, is primarily known for prohibiting fraud in connection with the purchase or sale of securities."[11]

The Securities Act provides, in pertinent part, that any person who "offers or sells a security . . . by means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact," shall be liable to the purchaser for the consideration paid.[12]  The Exchange Act provides, in pertinent part, that it is unlawful for any person

> [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.[13]

## B.    Security

The term "security" is defined in both the Securities Act and the Exchange Act as including "any note, stock, treasury stock, security future, bond, debenture, certificate of interest or participation in any profit-sharing agreement . . . ."[14]  This definition

---

[10]In re Thornburg Mortgage, Inc. Securities Litigation, 695 F. Supp. 2d 1165, 1186 (D.N.M. 2010).

[11]Id.

[12]15 U.S.C. § 77l(a)(2).

[13]15 U.S.C. § 78j(b).

[14]15 U.S.C. § 77b(a)(1); 15 U.S.C. § 78c(a)(10).

> is broad and comprehensive, and is intended to embrace a
> wide variety of investment interests.  Generally speaking, it
> means any transaction or scheme in which a person invests
> his money in a common enterprise and is led to expect
> profits solely from the efforts of a third party, it being
> unimportant whether the interest bought or sold is
> represented by formal certificates or by undivided interests in
> the physical assets of the business.[15]

Moving Defendants have cited no authority for their contention that a promissory note

cannot constitute a security under the Acts, and, in fact, the statues expressly provides

that a "note" can constitute a security.[16]  In <u>Reves v. Ernst & Young</u>,[17] the United States

Supreme Court held that "[a] note is presumed to be a security"[18] under the Acts, and

that presumption may be rebutted only by a showing that the note at issue resembles

one of the types of instruments listed by the court in <u>Exchange Nat. Bank of Chicago v.

Touche Ross & Co.</u>,[19] based upon an analysis of four factors: the buyer's and seller's

motivations, the "plan of distribution" of the instrument, the reasonable expectations of

the investing public, and "whether some factor such as the existence of another

regulatory scheme significantly reduces the risk of the instrument, thereby rendering

application of the Securities Acts unnecessary."[20]  Because the Moving Defendants

---

[15]<u>Vincent v. Moench</u>, 473 F.2d 430, 435 (10th Cir. 1973) (internal quotations and ellipses omitted).

[16]<u>See</u> 15 U.S.C. § 77b(a)(1); 15 U.S.C. § 78c(a)(10).

[17]494 U.S. 56 (1990).

[18]<u>Id.</u> at 67.

[19]544 F.2d 1126, 1138 (2nd Cir. 1976).

[20]<u>Reves</u>, 494 U.S. at 67.  The Court stated that the coverage of the definition of "security" is the same in the Securities Act and the Exchange Act.  <u>See id.</u> at 61 n.1.

have addressed none of these factors, the presumption that the promissory note at issue in this case constitutes a security under the Acts remains unrebutted.

### C.     Prospectus

A claim under the Securities Act, 15 U.S.C. §77l(a)(2), does not lie unless the defendant issued a prospectus.[21]  The Securities Act defines "prospectus" in pertinent part as "any prospectus, notice, circular, advertisement, letter, or communication, written or by radio or television, which offers any security for sale or confirms the sale of any security . . . ."[22]  In Gustafson v. Alloyd Co., Inc.,[23] the United States Supreme Court held that the word "prospectus" means "documents related to public offerings by an issuer or its controlling shareholders," that is, documents that "*must* include the information contained in a registration statement."[24]  Thus, liability cannot attach under the Securities Act, 15 U.S.C. §77l(a)(2), "unless there is an obligation to distribute the prospectus in the first place."[25]

Moving Defendants argue that Plaintiff's claims under the Acts fail because no prospectus was ever issued.  Plaintiff argues that the document entitled "Billy Jack's

----

[21]See Gustafson v. Alloyd Co., 513 U.S. 561, 571 (1995); Yung v. Lee, 432 F.3d 142, 147-148, 148 n. 5.  Moving Defendants have not cited authority indicating that issuance of a prospectus is a prerequisite to a claim under the Exchange Act, and it appears that it is not.  See Grossman v. Novell, Inc., 120 F.3d 1112, 1118 (10th Cir. 1997) (setting forth required elements of a claim under the Exchange Act).

[22]15 U.S.C. § 77b(a)(10).

[23]513 U.S. 561.

[24]Id. at 569 (emphasis added).

[25]Id. at 571.

Moral Revolution" Productions, Inc. Investment Proposal [-] Business Rationale for the Business Proposal [-] Financial Documents,"[26] a copy of which has been submitted to the Court, constitutes a prospectus under the Securities Act.  Neither party has, however, addressed the determinative issue:  whether Defendants were obligated to issue a prospectus in connection with the subject transaction.  Without an analysis of that issue supported by relevant legal authority and evidence, the Court cannot conclude, on this motion, that the document submitted by Plaintiff was, or was not, a prospectus under the Securities Act.  Moving Defendants have not met their burden on summary judgment as to this issue.

### D.    Misrepresentations

Moving Defendants also argue that they never made any misrepresentations to Plaintiff.  Plaintiff has submitted the "Affidavit of Rashelle Wilms"[27] in which Plaintiff states that Moving Defendants made the misrepresentation to her that Billy Jack films have "an intense cult-like following of over 100 million people in the United States alone,"[28] and that Defendant Tom Laughlin "falsely told me that he had already raised over sixty percent (60%) of the $15 million required to produce the film."[29]  A statement is material if a reasonable investor would consider it important when making the

---

[26]Doc. No. 33-2.

[27]Doc. No. 33-6.  While the affidavit is not executed under penalty of perjury or signed by a notary public, Moving Defendants have asserted no evidentiary objection to the affidavit.

[28]Id. ¶ 5.

[29]Id. ¶ 6.

7

investment.[30]  Plaintiff's evidence creates a triable issue of material fact as to whether Moving Defendants made material misrepresentations to Plaintiff.

### E.    Conversion of Promissory Note

Finally, Moving Defendants argue that at some point Plaintiff converted her "first promissory note with its specific due date and rate of interest into a promissory note under a non-securities method of raising money called 'royalty financing', [sic] which the courts have repeatedly held does not fall under the jurisdiction of the Securities Exchange Commission or any securities law whatsoever."[31]  Moving Defendants provide no legal authority in support of this statement, and, in any event, Plaintiff states in her affidavit that she "never converted the promissory note into an equity position."[32] Plaintiff's statement is sufficient, on the present motion, to create a triable issue of material fact as to whether the parties converted the promissory note into some other type of instrument.[33]

---

[30]Grossman v. Novell, Inc., 120 F.3d 1112, 1119 (10th Cir. 1997).

[31]Doc. No. 30 at 3.

[32]Doc. No. 33-6 ¶ 10.

[33]Plaintiff states that Defendant is arguing that there can be no breach of contract because the promissory note was converted into an equity position.  See Doc. No. 33 at 7.  To the extent that Defendant is offering such an argument, again, Plaintiff has submitted evidence that the promissory note was not converted into an equity position.  Further, although no party has addressed the issue, the Court determines, for purposes of this motion, that whether the parties converted the promissory note into some other type of instrument or position would involve issues of both fact and law.

**F.    Non-Moving Defendants**

To the extent that Moving Defendants present arguments for summary judgment on behalf of other Defendants who are not parties to the present motion, said arguments are not properly considered on this motion.[34]

Additionally, the Court strenuously recommends that Defendants retain counsel in this action in order to defend Plaintiff's claims, which are brought under complex federal statutes and require serious legal analysis.

Accordingly, for the foregoing reasons, it is

ORDERED that the Motion For Summary Judgment (Doc. No. 30) filed by Defendants Tom Laughlin and Delores Taylor is denied.

DATED at Denver, Colorado this 6th day of January, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[34]See Doc. No. 2 ¶¶ 3-5.