IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01671-ZLW-BNB

RASHELLE WILMS,

Plaintiff,

v.

TOM LAUGHLIN,
"BILLY JACK'S MORAL REVOLUTION" PARTNERSHIP,
DOLORES TAYLOR,
FRANK LAUGHLIN,
TERESA LAUGHLIN, and
CHRISTINA LAUGHLIN,

Defendants.

---

**ORDER**

---

This matter arises on the plaintiff's **Notice of Motion to Compel Discovery and Award of Costs and Motion to Compel Discovery and Award of Costs** [Doc. # 37, filed 12/28/2010] (the "Motion to Compel"). On January 3, 2011, I granted pro se defendants Tom Laughlin and Dolores Taylor extensions of time, to and including February 1, 2011, within which to respond to the Motion to Compel. Order [Doc. # 42] at p. 3. Neither Laughlin nor Taylor have responded.

The Motion to Compel states that Laughlin and Taylor state that they "have no intention of ever answering the first interrogatory, and have not proposed a schedule for answering the other interrogatories." Motion to Compel [Doc. # 37] at p. 2. In addition, "[p]laintiff provided notice to Delores Taylor and Tom Laughlin of their depositions," but "[b]oth defendants refused to attend their deposition and have refused to provide alternative dates." Id.

Plaintiff's Interrogatories for Tom Laughlin and Delores Taylor [Doc. # 37-1] (the "Interrogatories") were served on Laughlin and Taylor by United States mail on November 22, 2010. Interrogatories [Doc. # 37-1] at pp. 4-5. Responses were due 33 days thereafter, Fed. R. Civ. P. 33(b)(2) and 6(d), or on or before December 27, 2010. The Motion to Compel states that no responses were provided, Motion to Compel [Doc. # 37] at p. 2, which Laughlin and Taylor do not dispute.

I have reviewed the Interrogatories, and in general they appear to call for information which either is relevant to the parties' claims or defenses, or they are reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). In any event, Laughlin and Taylor have failed to serve objections to the discovery as required by Rule 33(b)(4), and all objections are waived. Munoz v. Citywide Banks of Colorado, Inc., 2010 WL 2650042 *3 (D. Colo. June 30, 2010).

To the extent that any of the e-mails from Laughlin attached to the Motion to Compel may be deemed to object to the information sought by Interrogatory No. 1 is irrelevant or otherwise subject to objection, I reject the objection. Interrogatory No. 1 requests the "residential address, work address, and phone number of Christina Laughlin and Frank Laughlin." Interrogatories [Doc. # 37-1] at p. 1. The Complaint alleges the existence of a partnership which includes Frank Laughlin and Christina Laughlin as partners and alleges that the partners made "materially misleading statements and omissions in connection with securities the Partnership offered to investors. . . ." Complaint [Doc. # 1] at ¶1. Consequently, Frank Laughlin and Christina Laughlin may have relevant or admissible evidence, and the disclosure of their addresses and telephone numbers may lead to the discovery of that evidence.

The Motion to Compel also asserts that Laughlin and Taylor have failed and refused to sit for their depositions despite proper notice. Motion to Compel [Doc. # 37] at p. 2. The attachments to the Motion to Compel include e-mails indicating that Laughlin and Taylor are not available to give their depositions due to ill health and other reasons. I have previously stated in this case:

> Although I am sympathetic to a litigant's ill-health, Laughlin and Taylor have used that excuse before to request several extensions of time. . . . The plaintiff's right to a "just, speedy, and inexpensive determination of" her claims cannot be delayed indefinitely by Laughlin and Taylor's unsubstantiated claims of ill-health. . . . Even if the claims were substantiated and are true, Laughlin and Taylor must find a means . . . to participate in the litigation. . . . Continuous delay, however, is not an option.

Order [Doc. # 42] at p. 2. The same is true with respect to Laughlin and Taylor sitting for their depositions.

IT IS ORDERED:

(1) The Motion to Compel [Doc. # 37] is GRANTED;

(2) All objections to the Interrogatories are waived. Laughlin and Taylor shall answer the Interrogatories, fully and under oath, and shall serve their answers on the plaintiff on or before **March 8, 2011**;

(3) Laughlin and Taylor shall sit for their depositions at a date, time, and place as the parties may agree, provided that Laughlin and Taylor provide dates acceptable to plaintiff's counsel so that the depositions can be completed on or before **March 31, 2011**; and

(4) The plaintiff's request for the award of costs is DENIED.

Dated February 22, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge