IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01671-ZLW-BNB

RASHELLE WILMS,

Plaintiff,

v.

TOM LAUGHLIN,
"BILLY JACK'S MORAL REVOLUTION" PARTNERSHIP,
DOLORES TAYLOR,
FRANK LAUGHLIN,
TERESA LAUGHLIN, and
CHRISTINA LAUGHLIN,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1) **Motion for Extension of Time to Secure Counsel** [Doc. # 59, filed 3/14/2011] (the "Motion for Extension") by defendants Tom Laughlin and Delores Taylor;

(2) Plaintiff's **Motion to Strike** [Doc. # 60, filed 3/15/2011]; and

(3) Plaintiff's **Notice of Motion to Compel Discovery and Motion to Compel Discovery and Extend Time for Service** [Doc. # 63, filed 3/17/2011] (the "Motion to Compel").

Through their Motion for Extension, defendants Laughlin and Taylor seek a 30 day extension of time "to obtain counsel due to our ill health, the volume of paperwork Plaintiff's attorney is flooding us with almost weekly, and the complexities of the case." Motion for Extension [Doc. # 59, filed 3/14/2011]. Laughlin and Taylor claim to be "taking Judge Boland's

advice" to seek counsel. Id. This apparently is a reference to my Order [Doc. # 42, filed 1/3/2011] where I granted an extension of time and stated:

> Although I am sympathetic to a litigant's ill-health, Laughlin and Taylor have used that excuse before to request [three previous] extensions of time. The plaintiff's right to a just, speedy, and inexpensive determination of her claims cannot be delayed indefinitely by Laughlin and Taylor's unsubstantiated claims of ill-health. Even if the claims were substantiated and are true, Laughlin and Taylor must find a means, by hiring counsel and/or having a guardian or conservator appointed, to participate in the litigation, or they may default. Continuous delay, however, is not an option.
>
> I caution Laughlin and Taylor that any further requests for extension of time based on ill-health must be substantiated by an affidavit or declaration of a treating physician establishing that the extension is justified based on a serious medical need. But, as noted, even substantiated medical conditions cannot justify prolonged or continuous delays.

Id. at p. 2.

Laughlin and Taylor's latest Motion for Extension is part of a pattern of litigation abuse intended to delay the case indefinitely and without justification. They have failed to act diligently to retain counsel. They have failed to substantiate any medical need. Consequently, the Motion for Extension is DENIED.

In view of my decision denying the Motion for Extension on the merits based on Laughlin and Taylor's pattern of litigation abuse, the Motion to Strike [Doc. # 60] is DENIED as moot.

Plaintiff, through the Motion to Compel, seeks an order (i) compelling Laughlin and Taylor to answer the plaintiff's interrogatories; (ii) suggesting dates for Laughlin and Taylor's depositions; and (iii) extending by 60 days the deadline for service of defendants Frank and

Christina Laughlin.  Motion to Compel [Doc. # 63] at p. 4.  I already have ordered Laughlin and Taylor to answer the interrogatories by March 8, 2011, and I have ordered Laughlin and Taylor to sit for their depositions on a date not later than March 31, 2011.  Order [Doc. # 57] at p. 3.  No further order compelling discovery is necessary.  The plaintiff may seek sanctions if Laughlin and Taylor have not complied with my previous order compelling discovery.

The Motion to Compel contains the plaintiff's third request for extension of time to serve Frank and Christina Laughlin.  This action was commenced by the filing of a complaint on July 14, 2010.  The Complaint named six defendants: (1) Tom Laughlin; (2) "Billy Jack's Moral Revolution" Partnership; (3) Dolores Taylor; (4) Frank Laughlin; (5) Teresa Laughlin; and (6) Christina Laughlin.  Pursuant to Rule 4(m), Fed. R. Civ. P., the plaintiff had 120 days from filing, or until November 11, 2010, within which to complete service of process.

The plaintiff filed her first Motion to Extend Time for Service [Doc. # 27] (the "First Motion to Extend") on November 11, 2010, requesting an additional 60 days to serve Frank and Christina Laughlin.  In her First Motion to Extend, the plaintiff argued that additional time was required because:

> Plaintiff has been diligent but unsuccessful in attempting to locate and serve Frank Laughlin and Christina Laughlin.  Plaintiff has hired multiple address tracking services, including LexisNexis's Accurint database. . . .  Service on Frank Laughlin and Christina Laughlin has been attempted, but has been unsuccessful. . . .
>
> Defendants Tom Laughlin and Delores Taylor have refused to provide said addresses and have delayed scheduled proceedings and discovery.

First Motion to Extend [Doc. # 27] at ¶¶ I-II.  Exhibits attached to the First Motion to Extend indicate that the plaintiff attempted to serve Christina Laughlin at a business address on Dovetail

Drive, Agura Hills, California, on August 20, 2010, but that she was unknown to the person at that address.  Declaration Regarding Diligence [Doc. # 27-1].  The plaintiff also attempted service on Christina Laughlin at a residential address on Hickory Grove Drive, Newbury Park, California, on October 16, 2010, but the "current tenant of (3) months . . . [d]oesn't know defendant."  Declaration Re Diligence [Doc. # 27-2].  Finally, the plaintiff attempted service on Frank Laughlin at his parents' address on Presilla Road, Santa Rosa Valley, California, on October 16, 2010, but "[p]er Dolores Laughlin Mother of Frank Robert Laughlin, Doesn't live at residence and Refused to Give current address."  Declaration re Diligence [Doc. # 27-3].

The First Motion to Extend was granted, see Minute Order [Doc. # 29, filed 11/15/2010], and the plaintiff was allowed to and including January 18, 2011, to complete service.

The plaintiff filed a second Motion to Extend Time for Service [Doc. # 44] (the "Second Motion to Extend") on January 18, 2011.  The Second Motion to Extend contains the same recital that "Plaintiff has hired multiple address tracking services, including LexisNexis's Accurint database," without success.  Id. at ¶ I.  The Second Motion to Extend also alleges:

> Plaintiff has not been able to serve Frank Laughlin and Christina Laughlin because defendants Tom Laughlin and Delores Taylor have refused to appear at their scheduled depositions and have not timely answered plaintiff's interrogatories. . . . Tom Laughlin and Delores Taylor have stated that they will *never* provide plaintiff the address of Frank Laughlin and Christina Laughlin.

Id. at ¶ II (original emphasis).  The plaintiff attached to the Second Motion to Extend the same Declarations Re Diligence as were attached to the First Motion to Extend.  Consequently, other than to serve discovery on Frank Laughlin and Delores Taylor directed at obtaining the addresses of Frank and Christina Laughlin, it does not appear that the plaintiff took any additional actions between November 15, 2010, and January 18, 2011, to locate and serve Frank and Christina

Laughlin. In particular, there is no indication that the plaintiff has engaged the services of a private investigator to locate Frank and Christina Laughlin.

The Second Motion to Extend was granted, see Minute Order [Doc. # 46, filed 1/21/2011], and the plaintiff was allowed to and including March 18, 2011, to complete service.

The Motion to Compel [Doc. # 63], containing the plaintiff's third request for extension to complete service of process, was filed on March 17, 2011. The sole argument in support of the requested third extension is:

> Plaintiff respectfully requests the Court to allow plaintiff an additional sixty (60) days to serve defendants Frank Laughlin and Christina Laughlin, in the interests of justice and with the hope that defendants Tom Laughlin and Delores Taylor will eventually comply with the Court's order.

Id. at p. 4.

Rule 4(m), Fed. R. Civ. P., provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

I have ordered defendants Tom Laughlin and Delores Taylor to sit for their depositions by March 31, 2011. Perhaps, as the plaintiff indicates, they will then disclose the addresses of Frank and Christina Laughlin. In the meantime, and in addition, the plaintiff must make greater efforts than those previously made to complete service of process, including hiring a private investigator skilled in locating persons apparently avoiding service of process. For now, however, I find that good cause has been shown, pending the depositions of Tom Laughlin and Delores Taylor, to extend the deadline for service, and I will grant the third request for

extension.

IT IS ORDERED:

(1)    The Motion for Extension [Doc. # 59] by defendants Laughlin and Taylor is DENIED;

(2)    The Motion to Strike [Doc. # 60] is DENIED as moot; and

(3)    The Motion to Compel [Doc. # 63] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED to extend the time for the plaintiff to make service of process against Frank and Christina Laughlin for 60 days, or to and including May 17, 2011; and

• DENIED in all other respects.

Dated March 21, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge