IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita Leeson Weinshienk

Civil Action No. 10-cv-01671-ZLW-BNB

RASHELLE WILMS,

    Plaintiff,

v.

TOM LAUGHLIN,
"BILLY JACK'S MORAL REVOLUTION" PARTNERSHIP,
DOLORES TAYLOR,
FRANK LAUGHLIN,
TERESA LAUGHLIN, and
CHRISTINA LAUGHLIN,

    Defendants.

---

ORDER

---

The matter before the Court is the Plaintiff's Motion For Summary Judgment (Doc. No. 50). Plaintiff moves for summary judgment against Defendants Tom Laughlin, Delores Taylor, and "Billy Jack's Moral Revolution" Partnership (collectively, Defendants).[1]

Plaintiff filed this action on July 14, 2010, alleging violations of the Securities Act of 1933, 15 U.S.C. § 77a *et seq.* (Securities Act) and the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.* (Exchange Act) (collectively, the Acts) and breach of the terms of a promissory note, in connection with Plaintiff's $50,000 investment in the

---

[1]The remaining named Defendants have not yet been served with the summons and Complaint in this action.

production of a new "Billy Jack" film. Defendant "Billy Jack's Moral Revolution" Partnership has been demonstrated to be a partnership,[2] and Plaintiff has submitted evidence that Defendants Tom Laughlin and Delores Taylor planned to share in the profits from the partnership.[3]

## I. Legal Standard

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

The moving party need not negate the nonmoving party's claims, but need only point to an "absence of evidence to support the nonmoving party's case."[5] The party opposing

---

[2] See Doc. No. 58.

[3] See Doc. No1. 50-1, 50-2, 50-3, and 50-4 at No. 1.

[4] Fed. R. Civ. P. 56(a).

[5] Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

the motion then must come forward with evidence sufficient to create a genuine issue of material fact.[6]

Plaintiff served the present motion on Defendants by mail on February 15, 2011. Defendants' response brief was due 24 days later, on March 11, 2011.[7] To date, Defendants have failed to file a response brief.

> By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond or to controvert the facts asserted in the summary judgment motion. The court should accept as true all material facts asserted and properly supported in the summary judgment motion. But only if those facts entitle the moving party to judgment as a matter of law should the court grant summary judgment.[8]

**II.     Analysis**

   **A.     Securities Act Claim**

"The Securities Act deals with the initial issuance of securities, and with the required contents of registration statements and prospectuses,"[9] while "[t]he Exchange Act, on the other hand, is primarily known for prohibiting fraud in connection with the purchase or sale of securities."[10]

---

[6] Id. at 324.

[7] See Standards for Civil Motions posted under Judicial Officers' Procedures for Senior Judge Weinshienk on the Court's website at www.co.uscourts.gov.

[8] Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).

[9] In re Thornburg Mortgage, Inc. Securities Litigation, 695 F. Supp. 2d 1165, 1186 (D.N.M. 2010).

[10] Id.

The Securities Act provides, in pertinent part, that any person who "[1] offers or sells a security . . . [2] by means of a prospectus or oral communication, [3] which includes an untrue statement of a material fact or omits to state a material fact," shall be liable to the purchaser for the consideration paid.[11]

Plaintiff has submitted evidence that Defendant Tom Laughlin signed a Promissory Note dated August 31, 2007, under which "Billy Jack's Moral Revolution" Partners, as Payee, promised to pay Plaintiff $50,000, with annual interest thereupon at the rate of 12%, payable in full on August 31, 2009.[12]  The term "security" is defined in the Securities Act as including "any note, stock, treasury stock, security future, bond, debenture, certificate of interest or participation in any profit-sharing agreement . . . ."[13]  This definition

> is broad and comprehensive, and is intended to embrace a wide variety of investment interests.  Generally speaking, it means any transaction or scheme in which a person invests his money in a common enterprise and is led to expect profits solely from the efforts of a third party, it being unimportant whether the interest bought or sold is represented by formal certificates or by undivided interests in the physical assets of the business.[14]

The Promissory Note constitutes a security under the Securities Act.

---

[11] 15 U.S.C. § 77l(a)(2).

[12] Doc. No. 50-11.

[13] 15 U.S.C. § 77b(a)(1).

[14] Vincent v. Moench, 473 F.2d 430, 435 (10th Cir. 1973) (internal quotations and ellipses omitted).

The Securities Act defines "prospectus" in pertinent part as "any prospectus, notice, circular, advertisement, letter, or communication, written or by radio or television, which offers any security for sale or confirms the sale of any security . . . ."[15]  Plaintiff argues that the document entitled "Billy Jack's Moral Revolution" Productions, Inc. Investment Proposal"[16] (Investment Proposal or Prospectus), a copy of which has been submitted to the Court, constitutes a prospectus under the Securities Act.  The Investment Proposal offers a security for sale, in that it offers an interest and participation in a partnership including both an equity investment and a "loan with option to invest" via a promissory note.[17]  The Investment Proposal submitted to the Court constitutes a prospectus.

Plaintiff has submitted evidence that the Prospectus contained untrue statements or omissions of material fact, by citing to the Prospectus' statement that the investment was guaranteed to provide "a 25% Return in 24 months or your investment plus interest back"[18] and by submitting evidence that she has not received any repayment of her principal and has received only $2,500 in interest.[19]

Because Plaintiff has submitted evidence properly supporting all of the elements of her Securities Act claim, she is entitled to judgment as a matter of law on that claim

---

[15] 15 U.S.C. § 77b(a)(10).

[16] Doc. Nos. 50-8, 50-9, and 50-10.

[17] See Doc. No. 50-9.

[18] Doc. No. 50-8 at 4.

[19] Doc. Nos. 50-1 and 50-3 at No. 7.

against Defendants Tom Laughlin, Delores Taylor, and "Billy Jack's Moral Revolution" Partnership.

### B. Exchange Act Claim

The Exchange Act provides, in pertinent part, that it is unlawful for any person

> [t]o use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.[20]

Rule 10b-5 provides that

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,
>
> (a) To employ any device, scheme, or artifice to defraud,
>
> (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or
>
> (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.[21]

---

[20] 15 U.S.C. § 78j(b).

[21] 17 C.F.R. § 240.10b-5.

The Exchange Act defines "security" in the same way as that term is defined in the Securities Act.[22] Accordingly, for the reasons discussed above, the Promissory Note issued by Defendants constitutes a security under the Exchange Act.

Plaintiff, who is located in Colorado, also has submitted evidence that Defendants, located in California, used an instrumentality of interstate commerce, namely, the U.S. Mail, to provide Plaintiff with the Prospectus which contained at least one untrue statement of material fact, and to consummate the sale of a security.[23] Because Plaintiff has submitted evidence supporting all of the elements of her Exchange Act claim, she is entitled to judgment as a matter of law on that claim against Defendants Tom Laughlin, Delores Taylor, and "Billy Jack's Moral Revolution" Partnership.

### C. Breach of Contract Claim

Plaintiff has submitted evidence that Defendant Tom Laughlin executed the Promissory Note on behalf of "Billy Jack's Moral Revolution" Partners, but that Plaintiff did not receive her $50,000 principal plus 12% interest on August 31, 2009, pursuant to the terms of the Promissory Note.[24] Plaintiff thus has presented appropriate factual support for her breach of contract claim, and, as such, she is entitled to judgment as a

---

[22] See 15 U.S.C. § 78c(a)(10).

[23] See Doc. Nos. 50-1 and 50-3 at No. 4.

[24] See Doc. Nos. 50-11, 50-8 at 4, 50-1 and 50-3 at No. 4.

matter of law on that claim as against Defendants Tom Laughlin, Delores Taylor, and "Billy Jack's Moral Revolution" Partnership.

### D. Joint and Several Liability

Under California law,[25] "[a] partnership is liable for loss or injury caused to a person, or for a penalty incurred, as a result of a wrongful act or omission, or other actionable conduct, of a partner acting in the ordinary course of business of the partnership or with authority of the partnership."[26] Further, "all partners are jointly and severally liable for all obligations of the partnership unless otherwise agreed by the claimant or provided by law."[27] Here, Plaintiff has presented evidence that the purpose of the partnership was to raise money for a film,[28] and, thus, that Defendant Tom Laughlin acted in the ordinary course of business when he executed the Promissory Note on behalf of the partnership. Defendants Tom Laughlin and Delores Taylor therefore are jointly and severally liable for the obligations of Defendant "Billy Jack's Moral Revolution" Partnership.

Accordingly, for the reasons set forth above, it is

---

[25] "Billy Jack's Moral Revolution" Partnership is a California partnership. See Cal. Corp. Code § 16202(a) ("[T]he association of two or more persons to carry on as coowners a business for profit forms a partnership, whether or not the persons intend to form a partnership.").

[26] Cal. Corp. Code § 16305(a).

[27] Cal. Corp. Code § 16306(a).

[28] See Doc. No1. 50-1, 50-2, 50-3, and 50-4 at No. 1.

ORDERED that Plaintiff's Motion For Summary Judgment (Doc. No. 50) is granted, and summary judgment is granted in favor of Plaintiff and against Tom Laughlin, Delores Taylor, and "Billy Jack's Moral Revolution" Partnership on all claims. It is

FURTHER ORDERED that this case will proceed on Plaintiff's claims against the remaining Defendants, Frank Laughlin, Teresa Laughlin, and Christina Laughlin.

DATED at Denver, Colorado this 28th day of March, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court