**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01671-CMA-BNB

RASHELLE WILMS,

    Plaintiff,

v.

TOM LAUGHLIN,
"BILLY JACK'S MORAL REVOLUTION" PARTNERSHIP,
DOLORES TAYLOR,
FRANK LAUGHLIN,
TERESA LAUGHLIN, and
CHRISTINE LAUGHLIN,

    Defendants.

---

## ORDER GRANTING MOTION FOR ENTRY OF JUDGMENT AND ORDER TO SHOW CAUSE

---

This matter is before the Court on Plaintiff's Motion for Entry of Judgment. (Doc. # 70.) Plaintiff requests that the Court enter judgment against Defendants Tom Laughlin, Delores Taylor, and "Billy Jack's Moral Revolution" Partnership (collectively, "Defendants"). Defendants oppose the motion. (Doc. # 75.) For the following reasons, Plaintiff's Motion is granted.

On March 28, 2011 now retired Senior Judge Zita L. Weinsheink ordered that summary judgment should be granted in favor of Plaintiff and against Defendants on all claims. (Doc. # 67.) However, Plaintiff's claims against Defendants Frank Laughlin,

Teresa Laughlin, and Christina Laughlin remain alive.  Because Judge Weinsheink's order did not dispose of all claims against all defendants, judgment may only be entered pursuant to the requirements of Fed. R. Civ. P. 54(b).  Rule 54(b) provides, in relevant part, that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

To enter a judgment under Rule 54(b), a court must determine that its judgment is final and there are no just reason to delay entry of that judgment.  *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  Defendants opposition to the entry of judgment does not address Rule 54(b) considerations; rather, Defendants attack the summary judgment order itself.  A challenge to the underlying order is not reason to delay entry of judgment.[1]  Such challenges are properly addressed to appellate courts.  However, absent a Rule 54(b) entry of judgment by this Court, the appellate court would be devoid of jurisdiction to consider Defendants' arguments.  *Stockman's Water*, 425 F.3d at 1266.  Thus, to the extent Defendants seek to challenge the summary judgment order, it is actually in their interest for judgment to be entered against them so that they may appeal the order.  Because the summary judgment order is a final order in that it constitutes the ultimate disposition of Plaintiff's

---

[1] The Court notes that Defendants did not file a motion to reconsider the order of summary judgment.

claims against Defendants, and the Court finds no just reason to delay entry, judgment should be certified pursuant to Rule 54(b).

Accordingly, it is ORDERED that Plaintiff's Motion for Entry of Judgment (Doc. # 70) is GRANTED.  The Clerk of the Court is directed to enter judgment in favor of Plaintiff Rashelle Wilms and against Defendants Tom Laughlin, Delores Taylor, and "Billy Jack's Moral Revolution" Partnership in the amount of $70,333 plus post judgment interest, costs, and reasonable attorneys' fees.

Plaintiff was ordered to serve Frank and Christina Laughlin with process by May 17, 2011.  (Doc. # 65.)  To date, service has not been effectuated as to said defendants.  Thus, it is FURTHER ORDERED that Plaintiff should show cause pursuant to Fed. R. Civ. P. 4(m) in writing on or before July 29, 2011, 5:00 P.M., as to why the claims against these defendants should not be dismissed.

DATED:  July   15  , 2011

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge