IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01671-CMA-BNB

RASHELLE WILMS,

Plaintiff,

v.

FRANK LAUGHLIN,
TERESA LAUGHLIN, and
CHRISTINA LAUGHLIN,

Defendants.
_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Attorney's Fees** [Doc. # 87, filed 7/27/2011].[1] The district judge, on July 15, 2011, ordered that final judgment enter pursuant to Fed. R. Civ. P. 54(b) against defendants Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution, including an award of reasonable attorney's fees. Order [Doc. # 79]. The Clerk entered judgment on July 18, 2011. Judgment [Doc. # 82].

The Motion for Attorney's Fees is supported by the affidavit of plaintiff's counsel, Eric Hayes Petty, and includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and Mr. Petty's qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorney's fee, I apply the lodestar principles stated in

---

[1]The Motion for Attorney's Fees was referred to me on October 6, 2011. Memorandum [Doc. # 101].

Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

**1.     Reasonable Time Expended**

The first step in calculating fee awards is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The plaintiff's attorney has submitted his billing records to substantiate his fee claim. The billing records reflect that Mr. Petty claims fees totaling $24,552.50. The billing records detail the amount of time spent on specific tasks, and the total hours claimed are 140.3.

I have reviewed the billing records. In general, the time claimed is reasonable and was reasonably necessary to obtain the judgment against Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution. There are, however, 8.3 hours of time apparently devoted to efforts in connection with claims against other defendants against whom judgment has not entered, devoted to correcting filing errors, or which were not reasonably necessary to obtain the judgment.[2] I have disallowed that time because it was not reasonably necessary to obtain the

---

[2]I have disallowed the following time:

0.8 hours on 7/14/10 to reformat summons;
1.3 hours on 7/19/10 to find addresses of other defendants;
0.6 hours on 8/31/10 to find addresses of other defendants;
0.1 hours on 9/3/10 to call Tom Laughlin, with no answer;
1.7 hours on 10/12/10 concerning service on other defendants;
0.1 hours on 10/21/10 concerning service on other defendants;
0.5 hours on 11/1/10 concerning service on other defendants;
0.7 hours on 12/13/10 concerning interrogatories addressed to another defendant;
0.3 hours on 12/28/10 concerning a telephone call with another defendant;

judgment entered here. Consequently, I find that the plaintiff incurred 132 hours of time reasonably necessary to obtain the judgment against Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution.

**2.      Reasonable Hourly Rate**

The plaintiff claims attorney fees at the rate of $175 per hour. The plaintiff bears the burden of establishing that the rate is reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable. Id. at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience practicing"in the relevant market).

Plaintiff's counsel is a 2009 graduate of the University of Colorado School of Law. I am familiar with the rates charged by lawyers in the metropolitan Denver area. In my experience, the rate charged by Mr. Petty is consistent with or below the rates charged by lawyers with comparable skill and experience practicing in this market, and is reasonable.

The plaintiff does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

Multiplying the number of hours reasonably incurred to obtain the judgment against

---

0.6 hours on 1/6/11 concerning service on other defendants;
0.9 hours on 1/17/11 concerning service on other defendants;
0.4 hours on 1/18/11 concerning service on other defendants; and
0.3 hours on 1/18/11 concerning interrogatories addressed to another defendant.

Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution by the reasonable hourly rate charged by plaintiff's counsel results in the following:

**132 hours x $175.00 per hour = $23,100.00.**

I find that a fee of $23,100.00 is reasonable and appropriate in this case.

IT IS ORDERED:

(1)     The Motion for Attorney's Fees [Doc. # 87] is GRANTED; and

(2)     Plaintiff is awarded her reasonable and necessary attorney's fees in the amount of $23, 100.00, against defendants Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution.

Dated October 14, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01671-CMA-BNB

RASHELLE WILMS,

Plaintiff,

v.

FRANK LAUGHLIN,
TERESA LAUGHLIN, and
CHRISTINA LAUGHLIN,

Defendants.

_____

**ORDER**
_____

This matter arises on the plaintiff's **Motion for Attorney's Fees** [Doc. # 87, filed 7/27/2011].[1]  The district judge, on July 15, 2011, ordered that final judgment enter pursuant to Fed. R. Civ. P. 54(b) against defendants Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution, including an award of reasonable attorney's fees.  Order [Doc. # 79].  The Clerk entered judgment on July 18, 2011.  Judgment [Doc. # 82].

The Motion for Attorney's Fees is supported by the affidavit of plaintiff's counsel, Eric Hayes Petty, and includes a detailed description of the services rendered, the amount of time spent, the hourly rate, the total amount claimed, and Mr. Petty's qualifications and experience, all as required by D.C.COLO.LCivR 54.3.

In calculating a reasonable attorney's fee, I apply the lodestar principles stated in

---

[1] The Motion for Attorney's Fees was referred to me on October 6, 2011.  Memorandum [Doc. # 101].

Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonably hourly rate." Id.(internal quotations and citation omitted).

**1.      Reasonable Time Expended**

The first step in calculating fee awards is to determine the number of hours reasonably spent by counsel for the party seeking the fees. The burden of proof lies with the prevailing party seeking fees. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The plaintiff's attorney has submitted his billing records to substantiate his fee claim. The billing records reflect that Mr. Petty claims fees totaling $24,552.50. The billing records detail the amount of time spent on specific tasks, and the total hours claimed are 140.3.

I have reviewed the billing records. In general, the time claimed is reasonable and was reasonably necessary to obtain the judgment against Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution. There are, however, 8.3 hours of time apparently devoted to efforts in connection with claims against other defendants against whom judgment has not entered, devoted to correcting filing errors, or which were not reasonably necessary to obtain the judgment.[2] I have disallowed that time because it was not reasonably necessary to obtain the

---

[2] I have disallowed the following time:

0.8 hours on 7/14/10 to reformat summons;
1.3 hours on 7/19/10 to find addresses of other defendants;
0.6 hours on 8/31/10 to find addresses of other defendants;
0.1 hours on 9/3/10 to call Tom Laughlin, with no answer;
1.7 hours on 10/12/10 concerning service on other defendants;
0.1 hours on 10/21/10 concerning service on other defendants;
0.5 hours on 11/1/10 concerning service on other defendants;
0.7 hours on 12/13/10 concerning interrogatories addressed to another defendant;
0.3 hours on 12/28/10 concerning a telephone call with another defendant;

judgment entered here. Consequently, I find that the plaintiff incurred 132 hours of time reasonably necessary to obtain the judgment against Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution.

## 2.     Reasonable Hourly Rate

The plaintiff claims attorney fees at the rate of $175 per hour. The plaintiff bears the burden of establishing that the rate is reasonable. Guides, Ltd. v. Yarmouth Group Property Mgmt., Inc., 295 F.3d 1065, 1078 (10th Cir. 2002). "A reasonable rate is the prevailing market rate in the relevant community." Id. A court may use its own knowledge of the prevailing market rate to determine whether the claimed rate is reasonable. Id. at 1079. See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir. 2005)(approving the district court's determination of the applicable hourly rate by "relying on its knowledge of rates of lawyers with comparable skill and experience practicing"in the relevant market).

Plaintiff's counsel is a 2009 graduate of the University of Colorado School of Law. I am familiar with the rates charged by lawyers in the metropolitan Denver area. In my experience, the rate charged by Mr. Petty is consistent with or below the rates charged by lawyers with comparable skill and experience practicing in this market, and is reasonable.

The plaintiff does not request a lodestar adjustment, and I am aware of no reason to make such an adjustment.

Multiplying the number of hours reasonably incurred to obtain the judgment against

---

0.6 hours on 1/6/11 concerning service on other defendants;
0.9 hours on 1/17/11 concerning service on other defendants;
0.4 hours on 1/18/11 concerning service on other defendants; and
0.3 hours on 1/18/11 concerning interrogatories addressed to another defendant.

Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution by the reasonable hourly rate charged by plaintiff's counsel results in the following:

**132 hours x $175.00 per hour = $23,100.00.**

I find that a fee of $23,100.00 is reasonable and appropriate in this case.

IT IS ORDERED:

(1)     The Motion for Attorney's Fees [Doc. # 87] is GRANTED; and

(2)     Plaintiff is awarded her reasonable and necessary attorney's fees in the amount of $23, 100.00, against defendants Tom Laughlin, Dolores Taylor, and Billy Jack's Moral Revolution.

Dated October 14, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge